Martin B. Steoher, J.
The plaintiff, a stockbrokerage house in liquidation, brings this action alleging that the defendant, in violation of a subordinated loan agreement, withdrew from the plaintiff the sums which he had lent to it. Plaintiff seeks to recapture those funds. The defendant has asserted against the plaintiff and 5 of its 10 general partners (the “ additional defendants ”, none of whom had previously been made parties to this action) 9 counterclaims including conversion, failure of consideration, failure to pay interest on a loan, wrongful sale of securities, fraud in inducing the loan, conspiracy to defraud, and failure to make liquidating distributions to him which were made to other subordinated lenders. The plaintiff and the “ additional defendants ” have responded, not only by way of denials, but have asserted claims against the defendant and still another general partner, the defendant’s nephew Stephen Telsey (whom they have “ joined ” and designated a ‘ ‘ third-party defendant”). These latter causes of action variously contain a scattergun claim over against Stephen Telsey for indemnification for judgment which the defendant Benson Telsey may obtain against any of them on any of his 9 counterclaims; allege a conspiracy between uncle and nephew to defraud, not only by withdrawal of the subordinated loan, but by creating false profits to the uncle Benson Telsey at plaintiff’s expense; and some of the “additional defendants” also assert that the nephew Stephen Telsey, the third-party defendant, in his capacity as managing partner of the plaintiff so manipulated the books and assets of the plaintiff as to deplete its capital and force it into liquidation. Stephen Telsey, the third-party defendant, has in *1037 turn counterclaimed against the plaintiff and the “ additional defendants on the counterclaims ” for losses in his personal investments sustained during liquidation.
The defendant now moves to dismiss the counterclaims contained in certain of the responsive pleadings, on the ground that a reply may not seek new relief without the leave of the court or, alternatively, to sever these causes of action from the trial of plaintiff’s action and the defendant’s counterclaims. The plaintiff asserts that it should be permitted to amend its complaint to assert all of its claims against the defendant and the third-party defendant; and the ‘1 additional defendants ’ ’ contend that they, having newly been brought into the case by the defendant, are not replying to counterclaims at all but are answering what in fact is a complaint against them and they should therefore be permitted to have the same rights of pleading and joinder to which any defendant is entitled.
Under present as well as under former practice, a plaintiff’s reply may only respond to “a counterclaim denominated as such ” (CPLR3011). Thus, plaintiff’s effort to plead new causes of action against the defendant and the “ third-party defendant ’ ’ without leave of the court was unauthorized.
What, however, of the ‘ ‘ additional defendants ’ ’ brought in by the defendant in his answer and counterclaim? The defendant asserts that the pleading against the “ additional defendants ” is properly labeled a counterclaim (CPLR 3019, subd. [a]); that the response to a counterclaim is a reply (CPLR 3011, 3019, subd. [d]) and that, therefore, no affirmative relief may be demanded by the ‘1 additional defendants ’ ’ in their pleading without leave of the court.
The “ additional defendants ” might argue, with considerable justice, that such logic makes them the victims of arbitrary labeling; for if a defendant’s claim, instead of being against a plaintiff and others, was against a codefendant and others, it would be labeled not a ‘ ‘ counterclaim ’ ’ but a ‘ ‘ cross-claim ’ ’ (CPLR 3019, subd. [b]), the responsive pleading would be designated an answer (CPLR 3019, subd. [d]) and an answer, of course, may contain counterclaims against the person asserting the claim (CPLR 3011) and against a person not a party to the litigation (CPLR 3019, subd. [a]).
The ‘ ‘ additional parties ’ ’ might also argue, again with justification, that the defendant’s causes of action are not, as to them, counterclaims or cross claims at all but, insofar as they are asserted, at least in part, against a ‘1 person not already a party ’ ’, they constitute ‘ ‘ a third-party complaint ’ ’ (CPLR *1038 3011) and, therefore, the responsive pleading is an answer which may contain counterclaims and cross claims (CPLR 1008).
The CPLR is indeed confusion where the pleading of added parties is concerned (see Professor David Siegel’s Commentary McKinney’s Cons. Laws of N. Y. Book 7B, CPLR 3011); but, fortunately,' rights of parties are not ultimately determined by the names given their pleadings. Leave may be granted to assert new claims in a reply (CPLR 3011) and to amend and supplement pleadings .('CPLR 3025, subd. [a]).
The real question of course is, which claims should be tried together (iCPLR 601) and which should be severed or tried separately .(CPLR 603). A broad discretion is given the court to make such determinations (CPLR 601, 602, 603) and, as a general principle, all issues having common questions of law or fact (CPLR 602, subd. [a]) should be tried together. Issues which might prejudice the proper consideration of other issues or which by their very nature will inconvenience the court and the principal litigation should .be severed.
Accordingly, the motions of the parties are granted to the following extent:
Plaintiff, and those ‘‘ additional defendants ’ ’ who wish to join as plaintiffs, shall serve an amended complaint setting forth their claims against Benson Telsey and Stephen Telsey and they may serve a supplemental summons as well. Such a complaint shall carefully number separately each separate cause of action. The defendants may serve with their answer such counterclaims, cross claims and third-party claims as to them may seem appropriate. There shall be tried together all claims, counterclaims and cross claims in which Benson Telsey’s loans to and dealings with the plaintiff are involved. The issues concerning Stephen Telsey’s alleged mismanagement of plaintiff’s affairs, his alleged fraudulent and illegal acts, and the allege,d consequent dissolution of the plaintiff, shall ,be severed from the actions involving Benson Telsey. Similarly, Stephen Telsey’s claims against the other parties to this litigation shall ¡be severed.